UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the LOCAL 138, 138A & 138B
INTERNATIONAL UNION OF OPERATING
ENGINEERS WELFARE FUND, ANNUITY
FUND, LEGAL FUND, VACATION FUND,
APPRENTICESHIP TRAINING FUND and
TRUSTEES of the CENTRAL PENSION FUND
OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS,

       Plaintiffs,

               **REPORT &**
               **RECOMMENDATION**
 -against-          17-CV-4651 (ADS) (AYS)


CARLO LIZZA & SONS PAVING INC.,

       Defendant,
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Having reviewed all of the moving papers, the Court hereby finds as follows:

 **Service of Process and Default:**

☑ The record reflects that proper service was made on defendant. **DE [21].**

☑ According to the record, no answer, motion or other appearance was filed on behalf of defendant.

☑ The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) **DE [23].**

☑ A copy of the Original signed CBA was submitted. **Exhibit A, DE [27-1]**.

☑ A copy of the Amended CBA was submitted. **Exhibit C, DE [1],** which covers the specified time period.

☑ Required Notices were sent to Plaintiff as required by CBA or trust agreements. **¶ 6, DE [27].**

 ☑ Summonses were issued and the Defendant was served on April 11, 2018. **See DE [20], [21].**
 ☑ When Defendant failed to answer or otherwise respond to the Complaint, at Plaintiff's request the Clerk of Court entered default against Defendant. **See DE [23]**.

I.    Liability

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004). Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, this Court finds that Plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the Defendant's liability on the following cause(s) of this action. Thus, the Court respectfully recommends that Plaintiffs' motion for default judgment be GRANTED.

II.   Damages

Based upon ☐ a hearing or ☑ review of affidavits and other documentary evidence, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp, 109 F.3d 105, 111 (2d Cir. 1997)(court may rely upon affidavits and documents in calculating damages upon default), the Court finds that plaintiff has established damages in the following amounts as against defendant.

|  |  | Percentage Rate | Time Period | Document supporting award |
|---|---|---|---|---|
| Principal Contributions | $149,190.28 | N/A | January 1, 2016 – Dec. 31, 2017 | DE [27] at ¶¶ 6-14; DE [27-1] at Art. 2, section 6; DE [27-2]. |
| Interest on missing contributions | $ 15,543.55 | 4.75% | January 1, 2016 – December 31, 2017 | DE [27] at ¶ 12; DE [27-1] at Art. 2, section 6. |

| Liquidated Damages [1] | $29,838.06 | 20% of the unpaid contributions | N/A | DE [27] at ¶¶ 12-13. |
|---|---|---|---|---|
| **Total** | **$194,571.89** | | | |
| | | | | |

Attorney's Fees & Other Costs

Plaintiffs are also entitled to reasonable attorneys' fees pursuant to the Agreement and 29 U.S.C. § 1132(g)(2), "which mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C., 2006 WL 1025075, at *5 (E.D.N.Y March 24, 2006) (adopted on April 19, 2006(ARR)). As a general matter in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (and following Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010)). The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by

---

[1] In order to be enforceable, a liquidated damages provision in a labor agreement must satisfy two conditions: (1) 'the harm caused by the breach must be very difficult or impossible to estimate' and (2) 'the amount fixed must be a reasonable forecast of just compensation for the harm caused.'" Gesualdi v. Fortunata Carting, Inc., 5 F. Supp. 3d 262, 278 (E.D.N.Y. 2014) (citations omitted). However, if the interest amount is de minimus or the nature of the damages is related to delay in payment, an "inquiry into the propriety of liquidated damages may not be necessary." Fortunata Carting, Inc., 5 F. Supp. 3d at 278.

3

lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984), and the relevant community is generally the "district in which the court sits," Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

The Plaintiffs in this case are seeking the following attorneys' fees:

| Name | Position/Title | Hourly Rate[2] | Hours | Total |
|---|---|---|---|---|
| Jane Bauer Baker | Partner | $400 | 1.0 | $400 |
| Michael Bauman | Of Counsel | $400 | 8.10 | $3,240 |
| Joseph M. Bonomo | Associate | $225 | 5.8 | $1,305 |
| **Total** | | | | **$4,945** |

The Court finds these rates and hours expended to be within the reasonable range. See United States v. Cotter, 234 F. Supp. 3d 392, 402 (E.D.N.Y. 2017); Douyon v. NY Medical Health Care, P.C., 49 F. Supp. 3d 328 (E.D.N.Y. 2014); see also Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014); see also Finkel v. Captre Elec. Supply Co. Inc., 2015 WL 5316257, at *6 (E.D.N.Y. July 31, 2015) adopted by, 2015 WL 5330388 (E.D.N.Y. Sept. 11, 2015); see also Gesualdi v. Metro. Sewer, Inc., 2016 WL 943533, at *7 (E.D.N.Y. Feb. 19, 2016); see also Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt. Cooperation, Pension and Welfare Funds v. Rock–It Contracting Inc., 2015 WL 1221500, at * 7 (E.D.N.Y. Mar. 9, 2015)

---

[2] The billing rates reflected in the bills provided to the Court differ from those counsel seek because "[u]nder the Firm's engagement with the Funds, the firm bills the Funds at the rates of $400 per hour for partners, $375 and $400 for of counsel, $225 for associates, and $160 per hour for paralegals." Bauman Declaration ¶ 23, DE [26].

4

In addition, the plaintiffs seek to recover litigation costs for photocopies. "Courts typically allow counsel to recover their reasonable out-of-pocket expenses." <u>Viafara v. Mciz Corp.</u>, 2014 WL 1777438, at *15 (S.D.N.Y. Apr. 30, 2014). This Court recommends awarding the plaintiffs the $10.35 sought in costs. <u>See, e.g.</u>, <u>Marshall v. Reisman</u>, 2013 WL 1563335, at *5 (E.D.N.Y. Mar. 25, 2013).

Accordingly, the undersigned respectfully reports and recommends that the plaintiffs be awarded $4,945 in attorneys' fees and $10.35 in costs.[3] <u>See</u> <u>Sheet Metals Workers' Nat. Pension Fund v. RHB Installations Inc.</u>,2015 WL 1509498 (E.D.N.Y. Mar. 31, 2015).

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends:

(1) a default judgment is warranted and should be GRANTED against Defendant Carlos Lizza & Sons Paving Inc.;

(2) Plaintiffs' request of $149,190.28 for unpaid contributions be GRANTED;

(3) Plaintiffs' request of $15,543.55 for interest on unpaid contributions be GRANTED;

(4) Plaintiffs' request of $29,838.06 for liquidated damages be GRANTED;

(5) Plaintiffs' request for attorneys' fees of $4,945 be GRANTED; and

(6) Plaintiffs be awarded a total of $10.35 in other costs.

---

[3] The Court notes that Plaintiffs seek an award of attorneys' fees and costs for this case in the amount of both $5,010, <u>see</u> Bauman Declaration ¶ 33, and $5,020.35. Bauman Declaration at ¶ 36(d). However, based upon the rates and hours submitted to the Court the total amount of attorneys' fees sought is $4,945 and the costs sought are $10.35 for photocopies for a total of $4,955.35. Therefore, the total amount of attorneys' fees and costs that may be awarded by this Court is $4,955.35.

## **OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiffs to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant at its known address(es) and to file proof of service on ECF by May 30, 2019.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
       May 28, 2019

                                                       /s/ Anne Y. Shields
                                                       Anne Y. Shields
                                                       United States Magistrate Judge